# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2396 | **DATE** | 2/14/2002 |
| **CASE TITLE** | USA vs. Georgios Grigorios Vlamakis | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for summary judgment (#4) to revoke and set aside the order admitting defendant to citizenship and to cancel defendant's Certificate of Naturalization, No. 21295461. The revocation and setting aside of the order admitting defendant to citizenship and the canceling of defendant's certificate of naturalization are effective as of the original date of the order and certificate, which is April 11, 1995. In accordance with this judgment, the court issues the attached Order canceling defendant's certificate (a certified copy of which is to be sent to the Attorney General of the United States) and directing to surrender his certificate of the United States.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **FEB 1 5 2002** date docketed | |
| | Notified counsel by telephone. | | | 8 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | 02 FEB 14 PM 4:43 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| | ) | No. 01 C 2396 |
| Plaintiff, | ) | Judge Ronald A. Guzman |
| | ) | |
| v. | ) | |
| | ) | |
| GEORGIOS GRIGORIOS VLAMAKIS | ) | |
| | ) | |
| Defendants. | ) | |



DOCKETED
FEB 15 2002

## MEMORANDUM OPINION AND ORDER

Before this court is the unopposed motion of the United States for summary judgment to revoke and set aside the order admitting defendant Gerogios Grigorios Vlamakis to citizenship and to cancel defendant's certificate of naturalization, pursuant to the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1451(a). The court has jurisdiction of this matter pursuant to 28 U.S.C. § 1345. For the reasons set forth below, the court grants the motion.

## BACKGROUND

This is an action under Section 340(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1451(a), to revoke and set aside an order of naturalization of Georgios Grigorios Vlamakis and to cancel his Certificate of Naturalization, Number 21295461. Section 340(a) of

1

the INA provides:

> It shall be the duty of the United States attorneys.... to institute proceeding in any district court of the United States in the judicial district in which the naturalized citizen may reside at the time of bringing suit, for the purpose of revoking and setting aside the order admitting such person to citizenship and canceling the certificate of naturalization on the ground that such order and certificate of naturalization were illegally procured or were procured by concealment of a material fact or by willful misrepresentation.

8 U.S.C. § 1451(a).

The United States has filed a Complaint to revoke Mr. Vlamakis's naturalization on the grounds that it was procured illegally and by misrepresentation and concealment of material facts. Appended to the United States's Complaint was an affidavit of Michael Neifach, an officer of the Immigration and Naturalization Service ("INS"), showing good cause for the action. Although properly served on June 18, 2001, Mr. Vlamakis failed to respond to the Complaint.

## I.  NATURALIZATION PROCEEDINGS

On August 31, 1994, Mr. Vlamakis filed with the INS, an Application for Naturalization, INS From N-400, which he had signed on the same day, under penalty of perjury. Exhibit ("Ex.") 1. In response to Part 7, Question 15(b) on his application, Mr. Vlamakis represented that he had never been arrested, cited, charged, indicated, convicted, fined or imprisoned for breaking or violating any law or ordinance excluding traffic regulations[.]" Ex. 1.

On November 30, 1994, Mr. Vlamakis appeared before Daniel Messelt, an INS District Adjudications Officer ("DAO"), for an interview on his naturalization application. Ex. 2. Consistent with INS standard procedure, Mr. Messelt places all Naturalization applicants under oath before the interview. Ex. 2. Mr. Messelt states that notations he made on Mr. Vlamakis's

2

application establish that he asked Mr. Vlamakis question 15(b), among other questions contained in Part 7 of the INS From N-400. Ex. 2. Mr. Messelt further states that of Mr. Vlamakis had answered "Yes" to question 15(b), he would have (1) had him change the answer on the INS From N-400, and initial and date the change near question 15 (b), and (2) annotated the application near question 15(b) with the fact that he had been arrested or convicted, as well as the nature of the offense. Ex. 2. Mr. Messelt states that the absence of any such notation established that Mr. Vlamakis answered "No" when asked question 15(b) under oath. Ex. 2. During his interview, Mr. Vlamakis signed a sworn statement avowing that the contents of his application were true and correct. Ex. 2. Page 4. The naturalization application was approved on November 30, 1994.

On April 11, 1995, Mr. Vlamakis was administered the oath of allegiance and was issued Certificate of Naturalization No. 21295461.

## II. CRIMINAL HISTORY

Contrary to his representations to the INS, and as set forth in the Complaint and the exhibits attached thereto, Mr. Vlamakis had a criminal record prior to being admitted to United States' citizenship. On August 5, 1988, defendant pleaded guilty to and was convicted of retail theft in violation of Chapter 38, section 16A-3(a) of the Illinois Revised Statutes. *Id.* This offence was committed on the date that defendant was arrested - July 24, 1988. On August 5, 1988, based upon this conviction, defendant was sentenced to six months of supervision. *Id.*

On December 16, 1988, defendant was convicted of interference with emergency communication in violation of Chapter 38, section 262 of the Illinois Revised Statutes. This offence was committed on the date that defendant was arrested September 24, 1988. *Id.* Based

3

upon this conviction, defendant was sentenced to six month supervision.

On August 28, 1993, defendant was arrested for theft of services. Four months later, on December 11, 1993, defendant was arrested and charged with resisting a peace officer, battery and disorderly conduct. Four days later, on December 15, 1993, defendant was convicted of resisting a police officer in violation of Chapter 720, Section 5/31-1 of the Illinois Revised Statutes. This offence was committed on the date that defendant was arrested - November 26, 1993. On December 15, 1993, based upon this conviction, defendant was sentenced to one-year conditional discharge. *Id.*

On May 11, 1994, defendant was convicted of retail theft in violation of Chapter 38, Section 16A-3f of the Illinois Compiled Statutes. This offense was committed on the date that defendant was arrested - April 18, 1994. *Id.* Defendant was sentenced to one-year of probation. *Id.*

Next, on May 13, 1994, defendant was convicted of retail theft in violation of Chapter 38, Section 16A-3f of the Illinois Revised Statutes. This offense was committed on the date defendant was arrested - April 15, 1994. *Id.* Defendant was also charged but received no disposition for the offense of unlawful use of a weapon, in violation of Chapter 38, Section 24-1.A.4 of the Illinois Revised Statutes. Based upon his conviction for retail theft on May 13, 1994, defendant was sentenced to three-months conditional discharge. *Id.*

## DISCUSSION

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

4

R. Civ. P. 56(c); *Patel v. Allstate Insurance Co.,* 105 F.3d 365, 367 (7th Cir. 1997). In evaluation a motion for summary judgment, the entire record is considered, with all inferences and factual disputes resolved in favor of the nonmovant. *Valance v. Wisel,* 110 F.3d 1269, 1274 (7th Cir. 1997). The movant bears the initial burden of establishing that the record presents no genuine issue of material fact. *Exxes v. United Parcel Service. Inc.,* 111 F.3d 1304, 1308 (7th Cir. 1997). Then the burden shift to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The nonmovant cannot succeed in succeed in creating a factual dispute solely by resting on allegations in the pleadings but must produce evidence showing there is a disputed issue for trial. *Selan v. Kiley,* 969 F.2d 560, 564 (7th Cir. 1992). In order to withstand summary judgment, the non-moving party" must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus, Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Only genuine disputes over facts that might affect the outcome of the suit under the governing law will properly preclude summary judgment, *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).

Local Rule 56.1(a)(3) requires defendant, the moving party, to submit a statement of undisputed facts complete with citations to the record. Vlamakis the nonmoving party is required, under Local Rule 56.1(b)(3), to respond to each numbered paragraph in the Plaintiff's statement of undisputed facts with the reason for his disagreement with each fact, if any, and provide supporting references to the record. The consequence of not adhering to Local Rule 56.1(b)(3) is that "[a]ll material facts set forth in the statement required of the moving party will be deemed admitted." Local Rule 56.1(b)(3)(B). In this case, because Vlamakis failed to file a statement disputing the United State's facts, we deem Plaintiff's facts admitted. Local Rule

56.1(b)(3)(B). Once [United States] citizenship has been conferred, it should not be taken away without the clearest sort of jurisdiction and proof." *Friend v. Reno, et al*, 172 F.3d 638, 646 (9th Cir. 1999) (citing *Schneiderman v. U.S.*, 320 U.S. 118, 122 (1943)); see also *U.S. v. De Lucia*, 256 F.2d 487, 490 (7th Cir. 1958) (citing *Schneiderman*). "The government must prove its case by clear, convincing, and unequivocal evidence and not leave the issue in doubt." *U.S. v. Kairys*, 782 F.2d 1374, 1378-79 (7th Cir. 1986) (citing *Federenko v. U.S.*, 449 U.S. 490, 505 (1981), cert. Denied, 469 U.S. 835 (1984); and *Schneiderman v. U.S., Supra*). At the same time, the statute requires the revocation of United Status citizenship if it was illegally procured or procured, by concealment of material fact or by willful misrepresentation, and

> there must be strict compliance with all the congressionally imposed prerequisites to the acquisition of citizenship. Failure to comply with any of these conditions renders the certificate of citizenship 'illegally procured,' and naturalization that is illegally procured can be set aside.

*Friend v. Reno, et al*, 172 F.3d at 646 (citing *Fedorenko v. United Status*, 449 U.S. at 506). As the Seven Circuit has similarly stated:

> "When naturalization is won by deceit, and material misrepresentations are unmasked, the gift of naturalization can be revoked . And under 8 U.S.C. § 1451(a), a certificate of naturalization must be revoked if it was procured illegally, if it was procured by concealment of a material fact, or if it was procured by a willful misrepresentation. If those conditions are found, the Court has no discretion to refuse to revoke citizenship."

*U.S. v. Ciurinskas*, 148 F.3d 729, 732 (7th Cir. 1998).

"[A] certificate [of naturalization] is 'illegally procured'.... if it is later determined that an essential finding of fact in the naturalization proceeding was erroneous.' *Lee Hon Lung v. Dulles*, 261 F.2d 719, 723 (9th Cir. 1958). This holding is in keeping with the general principle

6

that "'[n]o alien has the slightest right to naturalization unless all statutory requirements are complied with.'" *Rogers v. Bellei*, 401 U.S. 815, 830 (1971). Once a district court determines that the government has met its burden of proving that a naturalized citizen obtained his citizenship illegally or by concealment of material fact or by willful misrepresentation, it has no discretion to excuse the conduct, and must enter a judgment of denaturalization. *Fedorenko,* 449 U.S. at 517.

In order to prevail on its summary judgment motion, the government must show by clear, unequivocal, and convincing evidence that no genuine issue of fact exits regarding whether the defendant obtained his citizenship illegally or by concealment of material facts or by willful misrepresentation. The Supreme Court has held that failure to strictly comply with the "congressionally imposed prerequisites to the acquisition of citizenship...renders the certificate of citizenship "illegally procured," 'under 8 U.S.C. § 1451(a). *Fedorenko v. United States,* 449 U.S. 490, 506 (1981). "One prerequisite to naturalization is that the applicant be of 'good moral character,'" *Kungys v. United States,* 485 U.S. 759, 796 (1988)(quoting 8 U.S.C. § 1427(a)), and the minimum standards for good moral character are set our in 8 U.S.C. § 1101(f). *Id.*

The government contends that it is entitled to summary judgment for four independent reasons: (1) defendant's naturalization was illegally procured because his convictions bar a finding of good moral character; (2) defendant was ineligible to naturalize because he was on probation on the date his application was approved; (3) defendant's naturalization was illegally procured because, during the statutory period, he provided false testimony; and (4) defendant's naturalization was procured by willful misrepresentation or concealment of a material fact.

Section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3), provides that no person shall be

7

naturalized unless the person "during all periods referred to in this subsection has been and still is a person of good moral character." The statutory period for which good moral character is required included five years prior to the filing of the application for naturalization and continues until the applicant takes the oath of allegiance and becomes a United States citizen. *See id.* 8 C.F.R. § 316.10(a)(1). Section 101(f)(3) of the INA, 8 U.S.C. § 1101 (f)(3), bars a finding of good moral character for any person who committed and was convicted of a crime involving moral turpitude during the time in which he must establish good moral character. *See also* INA § 212(a)(2)(A)(i), 8 U.S.C. § 1182(a)(2)(A)(i).

The undisputed facts reveal that defendant was committed and convicted of two crimes involving moral turpitude (May 11, 1994 and May, 13, 1994, convictions for retail theft) which occurred during the period of time in which he needed to establish good moral character (August 31, 1989-April 11, 1995). Therefore, as a result of his May convictions defendant was statutorily precluded from establishing good moral character. INA §§ 101(f)(3), 212(a)(2)(A)(i), 8 U.S.C. §§ 1101(f)(3), 1182(a)(2)(A)(i). *See Soetarto v. INS,* 516 F. 2d 778, 780 (7th Cir. 1995). Because defendant was not a person of good moral character, as required by law, he was ineligible for naturalization under section 316(a)(3) of the INA, 8 U.S.C. § 1427(a)(3). In addition, defendant was ineligible to naturalize because he was on probation on the date his naturalization application was filed and approved. 8 C.F.R. § 316.10(c). Finally, section 1010(f)(6) of the INA bars a finding of good moral character to any person who, during the time in which he must establish good moral character, provided false testimony for the purpose of obtaining any benefits under Title 8, Chapter 12 of the United States Code. 8 U.S.C. § 1101(f)(6). The undisputed facts reveal that during his November 30, 1994 naturalization interview defendant provided false testimony

in order to obtain his immigration benefits, and his naturalization was thus illegally procured. *See United States v. Koziy*, 540 F. Supp. 25, 35-36 (S.D. Fla. 1982) and *United States v. Schellong*, 547 F. Supp. 569, 576 (N.D. Ill. 1982) *aff'd* 717 F. 2d 329 (7th Cir. 1983), *cert. denied* 465 U.S. 1008 (1984). Because the Untied States has established by clear, unequivocal and convincing evidence that is has met one of the conditions for revocation and cancellation under 8 U.S.C § 1451(a), this court has no discretion to refuse to revoke defendant's citizenship. Therefore, the court grants the United States' motion for summary judgment.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (#4-1) to revoke and set aside the order admitting defendant to citizenship and to cancel defendant's Certificate of Naturalization, No. 21295461. The revocation and setting aside of the order admitting defendant to citizenship and the canceling of defendant's certificate of naturalization are effective as of the original date of the order and certificate, which is April 11, 1995. *See* U.S.C. § 1451 (a). In accordance with this judgment, the court issues the attached ORDER canceling defendant's certificate (a certified copy of which is to be sent to the Attorney General of the United States) and directing defendant to surrender his certificate of naturalization to the Attorney General of the United States. *See, id at* § 1451(f).

SO ORDERED

ENTERED: 2/14/02

HON. RONALD A. GUZMAN
United States Judge

9